

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed October 14, 2025

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| VISTA PROPPANTS AND LOGISTICS, LLC, *et al*., | § § | Case No. 20-42002-ELM |
| | § | Jointly Administered |
| Debtors. | § | |
| | § | |
| MAALT, LP, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| SEQUITUR PERMIAN, LLC, | § | |
| | § | Adversary No. 20-04064 |
| Defendant/Third-Party Plaintiff, | § | |
| v. | § | |
| | § | |
| VISTA PROPPANTS AND LOGISTICS, LLC, | § § | |
| | § | |
| Third-Party Defendant. | § | |

**ORDER ESTABLISHING DEADLINES WITH RESPECT TO PLAINTIFF'S REQUEST FOR REASONABLE ATTORNEYS' FEES AND EXPENSES**

Page 1

On October 14, 2025, the Court issued a *Memorandum Opinion* in the above-captioned adversary proceeding (the "**Ruling**") pursuant to which, among other things, the Court determined that Plaintiff Maalt, LP ("**Plaintiff**") is entitled to recover against Defendant Sequitur Permian, LLC ("**Defendant**") reasonable attorneys' fees and expenses incurred by Plaintiff in prosecuting its breach of contract claim against Defendant and in defending against Defendant's breach of contract counterclaim against Plaintiff.  By prior agreement of such parties, the parties determined to defer the presentation of evidence on, and the Court's determination of, such fees and expenses until after the Court had issued the Ruling.

Accordingly, now that the Court has issued the Ruling, it is hereby:

**ORDERED** that Plaintiff shall file and serve its request for the allowance of reasonable attorneys' fees and expenses (the "**Request**") **by no later than twenty-one (21) days after the date of entry of this Order**.  The Request shall include, in a separate appendix, all supporting documentation along with a supporting affidavit(s)/declaration(s); it is further

**ORDERED** that if Defendant asserts that any of the attorneys' fees sought to be awarded pursuant to the Request are not reasonable, any of the expenses sought to be reimbursed are not for actual and necessary expenses incurred, or any of the requested attorneys' fees and/or expenses are otherwise not awardable pursuant to the Ruling, then **by no later than twenty-one (21) days after the date of the filing of Request**, Defendant shall file and serve its objection to the Request (the "**Objection**").  The Objection shall specify in reasonable detail the specific attorneys' fees and/or expenses opposed and the bases for objection for each such amount (*i.e.*, generalized and/or lumped assertions or arguments will not suffice) and shall be supported, if applicable, by any supporting affidavit(s)/declaration(s); it is further

**ORDERED** that if Defendant files an Objection, Plaintiff shall file any reply thereto (the "**Reply**") <u>**by no later than fourteen (14) days after the date of the filing of the Objection**</u>. The Reply shall be supported, if applicable, by any supporting affidavit(s)/declaration(s); and it is further

**ORDERED** that the Court intends to determine the Request without the necessity of a hearing based upon a review of the Request, any Objection, any Reply, and any other supporting documentation submitted by the parties; however, the Court reserves the right to set a hearing on the Request (which may be an evidentiary hearing, if so ordered by the Court) in the event that the Court determines that a hearing would be helpful.

# # #   END OF ORDER   # # #